**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5469-18

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SHAWN ROBERT JOHNSON,

 Defendant-Appellant.

_____

> Argued September 21, 2021 – Decided October 4, 2021
>
> Before Judges Fisher and Currier.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-04-1027.
>
> Daniel S. Rockoff, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Daniel S. Rockoff, of counsel and on the brief).
>
> Melinda A. Harrigan, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Lori Linskey, Acting Monmouth County Prosecutor, attorney; Mary R. Juliano, Special

Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant was charged, among other things, with the first-degree attempted murder of Jerome Crooms on October 16, 2006, and the first-degree murder of Tylik Pugh two days later. Defendant gave a voluntary statement to police in which he admitted shooting both victims but claimed he acted in self-defense. A jury heard and considered the evidence and found defendant guilty of all charged offenses. Judge Ira E. Kreizman, who presided over the trial, sentenced defendant to an aggregate sixty-year prison term. Defendant appealed, raising numerous issues about the jury instructions, certain evidence rulings, and the sentence imposed. We rejected those arguments and affirmed. State v. Johnson, No. A-1746-08 (App. Div. Jan. 13, 2011). The Supreme Court denied certification. 207 N.J. 228 (2011).

In March 2012, defendant filed a post-conviction relief petition based on what he claimed was newly-discovered evidence, namely, the information contained in an affidavit executed by Tyshan Smalls in 2008. In denying the petition, Judge Richard W. English concluded that the affidavit set forth "yet another version" that would be inconsistent with other earlier inconsistent versions. Defendant appealed, we affirmed substantially for the reasons

provided by Judge English, <u>State v. Johnson</u>, No. A-3147-13 (App. Div. May 28, 2015), and the Supreme Court denied certification, 223 N.J. 282 (2015). In 2017, the United States District Court for the District of New Jersey denied defendant's petition for a writ of habeas corpus and request for a certificate of appealability, <u>Johnson v. New Jersey</u>, C.A. No. 15-8322, 2017 U.S. Dist. LEXIS 6229 (D.N.J. 2017), and denied defendant's motion for reconsideration, <u>Johnson v. New Jersey</u>, 2017 U.S. Dist. LEXIS 111594 (D.N.J. 2017). The United States Court of Appeals for the Third Circuit denied defendant's request for a certificate of appealability, <u>Johnson v. Adm'r, N.J. State Prison</u>, C.A. No. 17-2697, 2018 U.S. App. LEXIS 2869 (3d Cir. 2018), and the Supreme Court of the United States denied defendant's petition for certiorari, <u>Johnson v. Johnson</u>, 139 S. Ct. 255 (2018).

In March 2018, defendant moved in the trial court for a new trial based on newly-discovered evidence: the information contained in both Smalls' 2008 affidavit and an affidavit executed by Crooms on March 2, 2018. Crooms, who had also previously provided inconsistent statements and testimony, asserted that he gave Pugh a handgun on October 15, 2008, and that Pugh then fired shots at defendant and another. He also asserted that defendant "fired back defending himself" and he (Crooms) was "accidently . . . shot in the back." Crooms

explained he came forward at this late date because he (Crooms): had "lied about" being with Pugh that day; "didn't want [Pugh] to get in trouble for what [Pugh] did"; and "didn't want to get in trouble for being the one, who gave [Pugh] the black hand gun that day."

Judge English again considered the Smalls affidavit previously found insufficient to warrant post-conviction relief, as well as the newer Crooms affidavit. The judge rendered a thorough oral decision explaining why he denied defendant's motion.

In appealing, defendant argues we "should remand for an evidentiary hearing . . . so that a judge may hear new evidence that [Pugh] carried a deadly weapon during the 3-day period in which [defendant] alleged that [Pugh] attacked him 3 times." We find insufficient merit in this argument to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

In seeking a new trial based on a claim of newly-discovered evidence, defendant was obligated to show the new evidence was "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Nash, 212 N.J. 518, 549 (2013) (quoting State v. Carter, 85 N.J. 300,

4

314 (1981)).  The Smalls Affidavit is not supported by the second factor because it was available to defendant ten years before the motion was filed.  And while we can assume the Crooms Affidavit satisfies the second factor it fails on the first and third.

As the judge correctly recognized, the Crooms Affidavit presents yet another contradictory version of the events and – because it was contradictory of his other inconsistent versions – the affidavit did not contain the type of evidence that "would shake the very foundation of the State's case" and its contents, if presented at trial, would not likely have altered the verdict.  See State v. Ways, 180 N.J. 171, 189 (2004).  The judge did not abuse his discretion, see State v. Smith, 29 N.J. 561, 573 (1959), in recognizing that if the case was retried and this new version presented, and readily shown to be in conflict with Crooms's other versions, the jury would likely find Crooms unreliable and do as it likely did before:  determine the issues by resorting to the considerable independent evidence presented during the original trial.  Defendant's motion was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5469-18